STATE OF MINNESOTA

IN SUPREME COURT

A22-0200

Court of Appeals                                                                    McKeig, J.
                                                          Took no part, Procaccini, J.

State of Minnesota,

                    Respondent,

vs.                                                                   Filed:  March 13, 2024
                                                          Office of Appellate Courts
Dale Edward Lehman, Jr.,

                    Appellant.

_____

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney; Michael J. Lieberg, Chief Deputy County
Attorney, Saint Cloud, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Julie Loftus Nelson, Assistant
State Public Defender, Saint Paul, Minnesota, for appellant.

_____

S Y L L A B U S

We need not decide whether Minn. Stat. § 152.137, subd. 2(b) (2022), requires the

defendant to know the victim is a child because the circumstantial evidence here, which

includes the defendant's contact with the child's host family and his weekly contact with

the child, is inconsistent with any rational hypothesis except that of guilt.

Affirmed.

1

McKEIG, Justice.

This case raises the question of whether the State must prove that a person charged with causing or permitting a child to ingest methamphetamine knew, at the time of the act, that the child was under the age of 18. *See* Minn. Stat. § 152.137, subd. 2(b) (2022).

Following a jury trial, Dale Lehman was convicted of knowingly permitting a child to ingest methamphetamine. *See id.* On appeal, Lehman argued that the plain language of Minn. Stat. § 152.137, subd. 2(b), requires the State to prove he knew the child was under the age of 18. Because the State did not submit evidence Lehman explicitly admitted he knew A.D. was a child, Lehman argued the State's evidence failed to prove such knowledge. The court of appeals affirmed his conviction. It held that Minn. Stat. § 152.137, subd. 2(b), does not require knowledge that the child was under the age of 18. Because the State's evidence proved that Lehman knew the child was under the age of 18, we do not decide whether Minn. Stat. § 152.137, subd. 2(b), requires such knowledge. Therefore, we affirm the court of appeals decision, but on other grounds.

**FACTS**

Lehman lived next door to a mother and her three children for approximately 5 years before the charged offense, which occurred over Labor Day weekend in 2020. Lehman was acquainted with the children's father for approximately 14 years at the time of the offense. The offense involved the mother's oldest child K.F. and K.F.'s best friend A.D., who lived with K.F. and her family when the offense occurred. Both were enrolled in school together at the time. Between 2018 and 2020, Lehman had a habit of coming to

K.F.'s home two to three times per week, sometimes entering without knocking. During these visits, Lehman secretly gave K.F. marijuana on a routine basis. Lehman also once gave K.F. a ring as a gift. Throughout Lehman's routine contact with K.F., he had made various comments about her age. For example, Lehman told K.F. she had a "mature" and "sexy" body for her age, and he could "not help but admire it." Around a year before the offense, A.D. needed a place to stay, so she began living with K.F. and her family. During his continued visits, Lehman told K.F. that he wished he was her age because at his age, he did not have pretty girls like her and A.D. around.

On September 7, 2020, A.D. and K.F. were both 14 years old. That day, after K.F.'s mother left to meet a friend, Lehman knocked on K.F.'s bedroom window and asked if K.F. and A.D. wanted to do "dabs," a type of THC wax. K.F. and A.D. went to Lehman's trailer, where they smoked marijuana and did dabs with him. He also provided them with methamphetamine and showed them how to snort it through a straw. A.D. snorted the methamphetamine, but K.F. did not. When K.F. and A.D. returned to K.F.'s home, Lehman followed them. While in K.F.'s home, Lehman showed K.F. and A.D. how to smoke methamphetamine using a pipe. K.F. and A.D. both used the pipe to smoke methamphetamine. Then, all three stayed in K.F.'s home for the next 8–10 hours, during which they smoked some marijuana provided by Lehman. Lehman repeatedly said how good looking he thought they both were, and he made comments about how sex felt while on methamphetamine and how orgasms felt while on methamphetamine. He asked the girls if they were virgins. Eventually, Lehman left.

3

K.F. and A.D. did not initially tell their parents about their activities with Lehman, but later that week, K.F. told her father that Lehman had given drugs to her and A.D. K.F.'s father took K.F. and A.D. to the police station. K.F. was unable to provide a urine sample, but A.D. provided a urine sample that tested positive for amphetamine.[1] The officer taking their urine samples estimated K.F. and A.D. to be about 16 years old.

The State charged Lehman with knowingly permitting a child to ingest methamphetamine under Minn. Stat. § 152.137, subd. 2(b), listing A.D., but not K.F., as a victim. The case proceeded to a jury trial. K.F., her parents, and the investigating officers testified consistently with the facts described above. Lehman asserted an alibi defense, but when the alibi witness gave conflicting testimony, defense counsel focused on the possibility there were "alternative explanations" for the girls' allegations. For example, Lehman denied the allegations; he claimed that he caught the girls smoking marijuana and threatened to tell their "parents" or "tell somebody," which incentivized them to accuse him of providing them with drugs.

Without objection, the district court instructed the jury on the elements of the permitting a child to ingest methamphetamine offense as follows:

> Count 2, under Minnesota law, whoever knowingly causes or permits a child to ingest methamphetamine is guilty of a crime. The elements of exposing a child to methamphetamine are: First, the defendant knowingly permitted [the victim] to ingest methamphetamine. A child is any person under the age of 18. "Chemical substance" means a substance intended to being [sic] used as a precursor in the manufacture of methamphetamine or any other chemical intended to be used in the manufacture of methamphetamine.

---

[1] Amphetamine is a metabolite of methamphetamine. A metabolite is a byproduct that occurs when a body breaks down a drug into a different substance.

Second, the defendant's act took place on or about September 7 through September 9, 2020, in Stearns County.[2]

The jury found Lehman guilty of permitting a child to ingest methamphetamine. The district court stayed execution of a 13-month sentence and placed Lehman on probation.

Lehman appealed, arguing that his conviction must be reversed because the State failed to prove that he knew A.D. was under the age of 18 when he permitted her to use methamphetamine. Alternatively, Lehman argued that he is entitled to a new trial because the district court failed to instruct the jury that it must find that Lehman knew A.D. was under 18 at the time of the offense. The court of appeals affirmed, holding that the plain language of Minn. Stat. § 152.137, subd. 2(b), does not require the State to prove the defendant knew the child was under the age of 18 at the time of the offense. *State v. Lehman*, 985 N.W.2d 365, 370 (Minn. App. 2023). We granted Lehman's petition for review.

## ANALYSIS

In accordance with the principle of judicial restraint, we do not address the statutory interpretation issue because the circumstantial evidence in this case, which includes the defendant's contact with A.D.'s host family and his weekly contact with A.D., is consistent with a reasonable hypothesis that the defendant knew the victim was a child and inconsistent with any other rational hypothesis except that of guilt. *Lipka v. Minn. Sch.*

---

[2]    This jury instruction followed the language from the pattern jury instruction. *See* Minnesota Practice Jury Instructions Guide. 10A Minn. Dist. Judges Ass'n, *Minnesota Practice—Jury Instruction Guides, Criminal*, CRIMJIG 20.71 (6th ed. 2022).

5

*Emps. Ass'n, Loc. 1980*, 550 N.W.2d 618, 622 (Minn. 1996) ("[J]udicial restraint bids us to refrain from deciding any issue not essential to the disposition of the particular controversy before us.").

Put differently, even if we assume that Lehman's interpretation of the statute is correct, he would not be entitled to any relief because the State presented sufficient evidence to show that Lehman knew A.D. was under the age of 18.

In considering whether the circumstantial evidence presented by the State is sufficient, we apply a two-step analysis. For the first step, "we identify the circumstances proved." *State v. Hassan*, 977 N.W.2d 633, 640 (Minn. 2022). This step requires us to "winnow down the evidence presented at trial by resolving all questions of fact in favor of the jury's verdict," which results in "a subset of facts that constitute 'the circumstances proved.' " *State v. Harris*, 895 N.W.2d 592, 600 (Minn. 2017) (citation omitted). Our analysis at this step "preserv[es] the jury's credibility findings" by recognizing that "the jury is in a unique position to determine the credibility of the witnesses and weigh the evidence before it." *Id.* Therefore, "[i]n determining the circumstances proved, we disregard evidence that is inconsistent with the jury's verdict." *Id.* at 601. Circumstances proved are limited to facts based on direct knowledge or observation; they do not include inferences made by the factfinder. *See id.* at 599 n.4.

In the second part of our analysis, "we independently examine the reasonableness of all inferences that might be drawn from the circumstances proved." *State v. Noor*, 964 N.W.2d 424, 438 (Minn. 2021). At this step, "we give no deference to the fact finder's choice between reasonable inferences." *State v. Andersen*, 784 N.W.2d 320, 329–30

(Minn. 2010) (citation omitted) (internal quotation marks omitted). "The State's circumstantial evidence is sufficient when the reasonable inferences are consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis other than guilt." *Hassan*, 977 N.W.2d at 640. In evaluating the inferences that may be drawn from the circumstances proved, "[w]e review the circumstantial evidence not as isolated facts, but as a whole." *State v. Sterling*, 834 N.W.2d 162, 175 (Minn. 2013). The circumstantial evidence standard does not allow us to "analyze and parse each fact" in a "piecemeal" fashion to conclude that a hypothesis is reasonable. *State v. Cox*, 884 N.W.2d 400, 415 (Minn. 2016). And we will not find an alternative inference reasonable if there is no evidence in the record to support that inference. *State v. Colgrove*, 996 N.W.2d 145, 150 n.5 (Minn. 2023).

Lehman contends that the circumstances proved, when viewed as a whole, support a reasonable inference that he believed K.F. and A.D. to be 18 or older, or at least believed A.D. to be 18 or older. Because the facts proven at trial do not support any reasonable hypotheses other than that Lehman knew A.D. to be a minor, we disagree.

The key circumstances proved include Lehman's long, familiar relationship with both of K.F.'s parents and his home's close proximity to theirs. It was also proven that at the time of the offense, both K.F. and A.D. were under the age of 18 and enrolled in school. Further proven was that A.D. was living with K.F., K.F.'s mother, and K.F.'s siblings when Lehman would come to K.F.'s family home two to three times per week—sometimes when K.F.'s mother was not home. Also, Lehman had supplied marijuana to and smoked marijuana with K.F. on multiple occasions before the date of the offense. While Lehman

7

consumed drugs with K.F. and A.D. on the date of the offense, he "kept asking [A.D. and K.F.] if [they] were virgins." Lehman's alternate version of events, in which he threatened to tell on K.F. and A.D. for smoking marijuana, is not a circumstance proved because it is inconsistent with the jury's verdict.

To be sure, these circumstances, by themselves, may support reasonable hypotheses other than that Lehman knew A.D. was under the age of 18 at the time of the offense. More specific circumstances proved at trial show otherwise, however, because the following facts do not support any reasonable hypothesis other than Lehman's guilt. Lehman's longstanding relationship with K.F.'s family shows that he had ample exposure to and interaction with both K.F. and A.D. Significantly, K.F.'s father had known Lehman for 14 years at the time of the offense, so their relationship began right around the time when K.F. was born. K.F.'s mother had lived next to Lehman with her family for 5 years and had known him personally for at least a year at the time of the offense. In fact, Lehman visited the home with increasing frequency in the months leading up to the offense—crucially, during the time A.D. lived with K.F.—and was so comfortable with the family that he would let himself into the home unannounced. These facts demonstrating Lehman's familiarity with K.F.'s family also suggest that he had substantial time to observe A.D. and discern her age.

In addition to Lehman's relationship with K.F.'s family, his statements are also strongly suggestive that he was aware that K.F. and A.D. were under the age of 18. There are two key instances in which it can be inferred from Lehman's language that he knew that K.F. and A.D. were minors at the time of the offense. First, K.F. testified that Lehman

8

said, "he wished he was my age because [at] his age, he didn't have pretty girls like me and [A.D.] around." *Id.* The reference to K.F.'s age and referring to them as "girls" is suggestive of youth, implying that Lehman knew or believed he knew K.F.'s and A.D.'s ages. Granted, because some people use the term "girls" colloquially to refer to adult women, Lehman's use of the term is not dispositive here.

Lehman's second statement is far less subjective. K.F. testified that "one time [Lehman] was saying how much of a mature and sexy body I had *for my age*, and he couldn't help but admire it." (emphasis added). Here, Lehman is contrasting the maturity of K.F.'s body to her age, *which only makes sense if K.F. is below the age of maturity*. The statement is a direct comparison between K.F.'s body and the bodies of other girls under the age of 18. It would be unreasonable to infer that Lehman made the statement without knowing that K.F., at her age, would be more likely to have a body that was less mature than hers appeared to him. Any contention that Lehman made that statement believing that K.F. was an adult would therefore be wholly unreasonable.

Although Lehman's knowledge of K.F.'s age is not at issue, only A.D.'s, K.F.'s close relationship with A.D. and Lehman's weekly visits to K.F.'s home while A.D. was living there make it *unreasonable* to infer that Lehman knew K.F. was a child but believed A.D. was 18 or older. Lehman insists that, even if there is sufficient circumstantial evidence to show he knew K.F. was a child, it is "just as likely that Lehman thought A.D. was K.F.'s older cousin and not a friend of the same age." That is certainly a possibility. Yet, "[t]he State does not have the burden of removing all doubt, but of removing all *reasonable* doubt." *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010) (emphasis

9

added).  The possibility that Lehman might not have known A.D. was under the age of 18, despite his frequent visits to the home two to three times per week and the overwhelming circumstantial evidence he knew K.F.'s age, is not reasonable.

Lehman's only proffered hypothesis is that he simply did not know A.D.'s age.  But his statements to the girls, coupled with his longstanding and comfortable relationship with those living in K.F.'s home, suggest that he at least knew that A.D. was under the age of 18.  Here, we must only determine which conclusions are *reasonable* based on the circumstances proved at trial.  These circumstances proved, when viewed as a whole, support the inference that Lehman knew A.D. was under the age of 18 at the time of the offense and are inconsistent with any reasonable hypothesis other than guilt.

The circumstances proved do not support a reasonable inference that Lehman did not know A.D. was a child.  Therefore, we find that the State's evidence proved beyond a reasonable doubt that Lehman knew A.D. was under the age of 18 at the time he provided her with methamphetamine.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals, but on different grounds.

Affirmed.


PROCACCINI, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

10